**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JONATHAN BEER and THALIA CALO GONZALEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FANDANGO MEDIA, LLC,

Defendant.

Case No. 1:25-cv-05857

**JURY DEMAND**

# CLASS ACTION COMPLAINT

# Table of Contents

I. Summary of the case. 1

II. Parties. 2

III. Jurisdiction and Venue. 3

IV. Facts. 3

A. Fandango deceptively sells FanClub movie ticket credits that expire. 3

B. FanClub's expiring credits are illegal under California law, Washington law, and the federal CARD Act. 8

C. Fandango misled and injured Plaintiffs. 9

V. Class Action Allegations. 11

VI. Claims. 13

Count 1 Violation of California's Gift Card Law 13

Count 2 Violation of California's False Advertising Law (FAL) 14

Count 3 Violation of California's Consumers Legal Remedies Act (CLRA) 15

Count 4 Violation of California's Unfair Competition Law (UCL) 17

Count 5 Violation of Washington's Gift Certificate Law 19

Count 6 Violation of the Washington Consumer Protection Act (CPA) 20

Count 7 Violation of the Credit Card Accountability Responsibility and Disclosure Act (CARD Act) 21

Count 8 Quasi-Contract / Unjust Enrichment 23

VII. Relief. 23

VIII. Demand for Jury Trial. 24

## I. Summary of the case.

1. Fandango Media, LLC ("Fandango") sells movie tickets and streaming content. It operates the Fandango website, Fandango.com, and the Fandango app, where customers can buy movie tickets and stream content.

2. Fandango sells "Fandango FanClub" memberships. According to Fandango, a FanClub membership includes "$10 toward a movie ticket each month – any movie, any showtime, any format." For example:




Captured November 14, 2024

3. Fandango's ads are misleading to reasonable consumers. Customers see these ads and purchase Fandango FanClub memberships believing that they will receive these $10 monthly credits, which can be used for "any movie" at "any showtime" in the future. In truth, however, the credits expire 30 days after issuance. So customers cannot use the $10 credits they receive each month for "any movie" at "any showtime" in the future. They can only use them for movies playing within the next 30 days after the credits issue.

4. In addition, by selling credits that expire 30 days after they issue, Fandango violates California's Gift Card Law, Washington's Gift Certificates Law, and the federal Credit Card Accountability Responsibility and Disclosure (CARD) Act.

5. Plaintiff Jonathan Beer, a California consumer, purchased a FanClub membership. Fandango misled him about whether his credits would expire and his credits expired in violation of California's Gift Card Law and the CARD Act.

6. Plaintiff Thalia Calo Gonzalez, a Washington consumer, purchased a Fandango FanClub membership. Fandango misled her about whether her credits would expire and her credits expired in violation of Washington's Gift Certificates Law and the CARD Act.

7. Plaintiffs bring this case for consumers nationwide who purchased FanClub memberships and had credits with illegal expirations.

## II. Parties.

8. Plaintiff Jonathan Beer is domiciled in Los Angeles, California.

9. Plaintiff Thalia Calo Gonzalez is domiciled in Lacey, Washington.

10. The proposed class includes citizens of every state.

11. Defendant Fandango Media, LLC is a Virginia limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, CA 91608. *See* 28 U.S.C. § 1332(d)(10) (in a class action, "an unincorporated association shall be deemed to be a citizen of the

State where it has its principal place of business and the State under whose laws it is organized").

## III. Jurisdiction and Venue.

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

13. The Court has personal jurisdiction over Defendant. Fandango's online terms state:

> Jurisdiction and Venue: Any action or proceeding arising from, relating to or in connection with the Terms and Policies will be brought exclusively in the federal or state courts located in New York County, New York, and you irrevocably consent to the personal jurisdiction of such courts and agree that it is a convenient forum and that you will not seek to transfer such action or proceeding to any other forum or jurisdiction, under the doctrine of forum non conveniens or otherwise.[1]

14. Venue is likewise proper under Fandango's venue selection clause. *See Koninklijke Philips Elecs v. Dig. Works, Inc.*, 358 F. Supp. 2d 328, 333 (S.D.N.Y. 2005) ("A valid forum selection clause establishes sufficient contacts with New York for purposes of jurisdiction and venue.")

## IV. Facts.

### A. Fandango deceptively sells FanClub movie ticket credits that expire.

15. Fandango sells movie tickets online, at Fandango.com, and through its mobile app. It also advertises and sells Fandango FanClub memberships ("Memberships"), both online and through the mobile app. Customers who enroll in a FanClub membership receive certain benefits on ticket purchases through Fandango.

[1] Exhibit 1, https://www.fandango.com/policies/terms-of-use (Last Updated March 12, 2024). The referenced "Terms and Policies" specifically include the "FanClub Program Terms."

16. Whenever a customer purchases movie tickets on Fandango, Fandango advertises the benefits of Fandango FanClub memberships, and offers the customer the option to "Add FanClub to Cart." This is displayed on a pop-up window that automatically appears during the checkout process:




17. The popup advertises several benefits of the Fandango FanClub membership. One advertised benefit is "$10 monthly to use toward any movie ticket each month – any movie, any showtime, any format."

18. Based on this advertisement, consumers reasonably expect that the advertised $10 gift certificates do not expire.

19. Fandango represents that such credits can be used for "any movie" and "any showtime." To reasonable consumers, this suggests that the credits will not expire. And Fandango's

advertisement does not mention anything about the credits expiring (an important term that reasonable consumers would expect Fandango to make clear). Fandango then confirms the reasonable impression that the credits won't expire by explaining that a different benefit (2 free tickets) does expire "within 30 days." This leads reasonable consumers to expect that, if the $10 credits expired, Fandango would have made that clear as well.

20. Fandango made similar representations on its page describing FanClub benefits:[2]







21. To reasonable consumers, these statements further confirm that the credits can be used for any movie at any point in the future after issuance, without expiration.

[2] Exhibit 2, https://www.fandango.com/fanclubwww.fandango.com/fanclub (November 2024 Internet Archive).

22. Plus, in both California and Washington, it is illegal for gift certificates to expire. While reasonable consumers may not know about this specific law, as a result of the law, reasonable consumers in California and Washington are not accustomed to gift certificates expiring. This background experience further confirms the impression that the Fandango credits don't expire.

23. In truth, however, the $10 credits expire one month after they issue. This information is not easy to discover. During checkout, consumers are presented with an additional summary of FanClub benefits. *See* Exhibit 3. This summary expressly mentions the 30-day expiration for the two free tickets, but says nothing about expiration for the $10 credits at issue here.




24. And if consumer clicks "See Benefits," they see the same misleading benefits information shown above:



25. To discover that the $10 credits expire, a consumer has to first click on the link to the "Fandango Program Terms":




26. But that is not enough. The Fandango Program Terms themselves don't say anything about expiration. *See* Exhibit 4. Buried within the Program Terms, there is yet another small link to the Current Paid FanClub Member Benefits. *See id.* And on that page, the expiration term is buried

among other bullets. *See* Exhibit 5.

27. This buried disclosure is insufficient to comply with consumer protection law. Fandango's advertisements are misleading to reasonable consumers.

**B. FanClub's expiring credits are illegal under California law, Washington law, and the federal CARD Act.**

28. In addition to being deceptive, Fandango FanClub's expiring credits are illegal under California law. Under California's Gift Card Law, it "is unlawful…to sell a gift certificate to a purchaser that contains" an "expiration date." Cal. Civ. Code. §1749.5(a).

29. The FanClub credits that Fandango sells are "gift certificates." The term "gift certificate" includes "a certificate entitling the recipient to receive goods or services of a specified value from the issuer." Merriam-Webster Dictionary.[3] Fandango's credits here plainly meet this definition. They are a certificate that entitles the recipient to receive a specified value of movie tickets ($10) from Fandango. Thus, they are gift certificates. *See, e.g., Cody v. SoulCycle Inc.,* No. CV 15-6457-GHK (JEMx), 2016 U.S. Dist. LEXIS 195821, at *31 (C.D. Cal. Jan. 11, 2016) (holding that SoulCycle's Series Certificates, which consumers used to attend spin classes, were gift certificates under California law). And just as any movie ticket holder can share a ticket with any guest, consumers can—and do—buy tickets with FanClub credits and give those tickets to family and friends.

30. In sum, by selling Fandango FanClub memberships that include $10 in credits that expire after a month, Fandango is selling a gift certificate to consumers that contains an expiration date that violates California's Gift Card Law.

31. Under Washington law, "it is unlawful for any person or entity to issue, or to enforce against a bearer, a gift certificate that contains…an expiration date." RCW §19.240.20. Under this

[3] Accessible at https://www.merriam-webster.com/dictionary/gift%20certificate.

statute, the phrase "gift certificate" is defined to mean "an instrument evidencing a promise by the seller or issuer of the record that consumer goods or services will be provided to the bearer of the record to the value or credit shown in the record and includes gift cards." RCW §19.240.010(2)(a). The "bearer" is defined as any "person with a right to receive consumer goods and services under the terms of a gift certificate, without regard to any fee, expiration date, or dormancy or inactivity charge." *Id.* (3).

32. The FanClub credits that Fandango sells are a "gift certificate" under Washington law. Each credit is an instrument evidencing a promise by Fandango to provide a movie ticket credit to FanClub member. The value or credit shown is $10. So it is illegal for FanClub credits to expire, under Washington law.

33. Fandango's expiring credits also violate the federal Credit Card Accountability Responsibility and Disclosure Act of 2009 ("CARD Act"). The CARD Act generally prohibits the sale or issuance of gift certificates or store gift cards with expiration dates of less than five years from the date of issuance. See 15 U.S.C. § 1693l–1(c). By distributing credits with only a 30-day expiration period, Fandango violates this law.

**C. Fandango misled and injured Plaintiffs.**

34. On November 6, 2024, Mr. Beer purchased a 3-month Fandango FanClub membership from Defendant on its website, Fandango.com. He made this purchase while living in Los Angeles, California. When Mr. Beer made his purchase, the checkout page did not disclose that the credits he would receive as part of his Membership would expire. Instead, the page represented that the credits could be applied toward "any movie" at "any showtime."

35. Mr. Beer read and relied on Defendant's representations on Defendant's website that he would be receiving a monthly credit worth $10. Fandango did not adequately disclose that the credit would expire. Mr. Beer thus did not know that the credits would expire when he made his

purchase. And one of the credits did expire before Mr. Beer could use it. Mr. Beer was thus unable to use it.

36. Had Mr. Beer known that the credits would expire, he would not have purchased the Membership, or would have paid less for the Membership. And if the credits did not expire, Mr. Beer could and would have used his expired credit and would have received $10 worth of movie tickets.

37. In or around January of 2025, Ms. Gonzalez purchased a Fandango FanClub membership from Defendant from its website, Fandango.com. She made this purchase while living in Lacey, Washington. When Ms. Gonzalez made her purchase, the checkout page did not disclose that the credits she would receive as part of her Membership would expire. Instead, the page represented that the credits could be applied toward "any movie" at "any showtime."

38. Ms. Gonzalez read and relied on Defendant's representations on Defendant's website that she would be receiving a monthly credit worth $10. Ms. Gonzalez thus did not know that the credits would expire when she made her purchase. And at least one of the credits did expire before Ms. Gonzalez could use it. Ms. Gonzalez was thus unable to use it.

39. Had Ms. Gonzalez known that the credit would expire, she would not have purchased the Membership, or would have paid less for the Membership. And if the credits did not expire, Ms. Gonzalez could and would have used her expired credit and would have received $10 worth of movie tickets.

40. Plaintiffs face an imminent threat of future harm. Plaintiffs would purchase Fandango FanClub memberships again if they were sure that the credits that are included as part of the Membership did not expire. But without a court order forbidding Fandango from selling illegal expiring credits, Plaintiffs cannot depend on Fandango honoring its credits without expiration dates, as required by law.

41. Plaintiffs seek damages and, in the alternative, restitution. Plaintiffs are permitted to seek equitable remedies in the alternative because they have no adequate remedy at law.

42. A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiffs' equitable claims are different and do not require the same showings as Plaintiffs' legal claims. In addition, the remedies at law available to Plaintiffs are not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

43. Finally, legal damages are inadequate to remedy the imminent threat of future harm that Plaintiffs face. Only an injunction can remedy this threat of future harm. As explained above, Plaintiffs would purchase the Fandango FanClub membership from Defendant again in the future if they could feel sure that the credits that are included as part of the Membership would not expire. But without an injunction, Plaintiffs cannot depend on Fandango honoring its credits without expiration dates.

## V. Class Action Allegations.

44. Plaintiffs bring certain asserted claims on behalf of the following proposed class and subclasses:

- **Nationwide Class:** All persons who, within the applicable statute of limitations period, purchased a Fandango FanClub Membership that came with Fandango Credit that had an expiration date (the Nationwide Class); and
- **California Subclass:** All persons who, while in the State of California and within the applicable statute of limitations period, purchased a Fandango FanClub Membership that came with Fandango Credit that had an expiration date (the California Subclass); and
- **Washington Subclass:** All persons who, while in the State of Washington and

within the applicable statute of limitations period, purchased a Fandango FanClub Membership that came with Fandango Credit that had an expiration date (the Washington Subclass).

45. The following people are excluded from the class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

*Numerosity & Ascertainability*

46. The proposed class contains members so numerous that separate joinder of each member of the class is impractical. There are tens or hundreds of thousands of class members or more.

47. Class members can be identified through Defendant's sales records and public notice.

*Predominance of Common Questions*

48. There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) Whether Fandango's advertisements about its credits are deceptive to reasonable consumers and violate consumer protection law;

(2) whether Fandango's expiring credits violate California gift card law;

(3) whether Fandango's expiring credits violate Washington gift certificate law;

(3) whether Fandango's expiring credits violate the federal CARD Act;

(4) restitution or damages needed to compensate Plaintiffs and the class; and

(5) class-wide injunctive relief necessary to prevent harm to Plaintiffs and the class.

*Typicality & Adequacy*

49. Plaintiffs' claims are typical of the class. Like the class, Plaintiffs each purchased a Fandango Membership with an expiring Fandango credit. There are no conflicts of interest between Plaintiffs and the class.

*Superiority*

50. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI. Claims.

**Count 1**

**Violation of California's Gift Card Law**

**(by Plaintiff Beer and the California Subclass)**

51. Plaintiff incorporates each and every factual allegation set forth above.

52. Plaintiff brings this cause of action on behalf of himself and the California Subclass.

53. Fandango's sale of Memberships with expiring FanClub credits violates California's Gift Certificate Law, Cal. Civ. Code § 1749.45 et seq., which prohibits the sale of a gift certificate (including a gift card) that is subject to an expiration date.

54. Fandango advertises and sells its Memberships with expiring credits to consumers in California.

55. Fandango violates the Gift Certificate Law by selling and issuing credits that expire

in one month.

56. As explained in greater detail above, these credits constitute "gift certificates" under California law, and have expiration dates.

57. Defendant's expiring gift cards were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the California Subclass.

58. Defendant's conduct harmed Plaintiff and the California Subclass. The fact that the Fandango credits expire forces consumers to redeem their credits quickly, or lose the credit in its entirety.

59. As a result of Fandango's unlawful acts and conduct, Plaintiff and similarly situated consumers in California have been deprived of the use of their money that was charged and collected by Fandango.

60. Defendant's conduct harmed Plaintiff and the California Subclass because they (a) lost the ability to redeem expired credits, (b) were deprived of the full value of their purchase, (c) paid for Membership benefits that were misrepresented and illegal; and/or (d) overpaid because the FanClub Memberships are sold at a price premium due to Defendant's credits, which consumers do not know will expire.

**Count 2**

**Violation of California's False Advertising Law (FAL)**

**(by Plaintiff Beer and the California Subclass)**

61. Plaintiff incorporates each and every factual allegation set forth above.

62. Plaintiff brings this cause of action on behalf of himself and the California Subclass.

63. Defendant violates Cal. Bus. & Prof. Code §§ 17500 & 17501 *et seq*. As alleged more fully above, Defendant has falsely advertised its Memberships. Based on Fandango's representations and omissions detailed above, a reasonable consumer would believe that the Fandango $10 credits

do not expire. Plaintiff relied on these representations and omissions. The representations and omissions are misleading because the credits do expire. Defendant knew that the credits would expire, but failed to clearly disclose this to consumers, and instead designed its disclosures to be hidden and go unnoticed by consumers.

64. As alleged more fully above, Defendant's representations and omissions were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or reasonably should have known, that its representations and omissions were misleading.

65. As alleged in detail above, Defendant's misrepresentations and omissions were material. Thus, class-wide reliance can be inferred.

66. As alleged in detail above, Defendant's representations and omissions were a substantial factor and proximate cause in causing damages and losses to Plaintiff and California Subclass members.

67. Defendant's conduct harmed Plaintiff and the California Subclass because they (a) lost the ability to redeem expired credits, (b) were deprived of the full value of their purchase, (c) paid for Membership benefits that were misrepresented and illegal; and/or (d) overpaid for the Memberships because the Memberships are sold at a price premium due to Defendant's credits, which consumers do not know will expire.

**Count 3**

**Violation of California's Consumers Legal Remedies Act (CLRA)**

**(by Plaintiff Beer and the California Subclass)**

68. Plaintiff incorporates each and every factual allegation set forth above.

69. Plaintiff brings this cause of action on behalf of himself and the California Subclass.

70. Plaintiff and the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

71. Plaintiff and the California Subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

72. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

73. As alleged more fully above, Defendant misled customers by failing to clearly disclose that its credits expire. Defendant made representations based on which a reasonable consumer would believe that the Fandango credit does not expire.

74. Defendant violated, and continues to violate, section 1770(a)(5) of the California Civil Code by representing that its Memberships offered have characteristics or benefits that they do not have. Defendant did this by selling gift cards that expire, and by making representations and omissions that lead a reasonable consumer to believe that they do not expire.

75. Defendant violated, and continues to violate, section 1770(a)(9) of the California Civil Code. Defendant violates this section by advertising its Memberships come with credits that do not expire, when in fact Defendant intends to sell credits that expire.

76. Defendant's representations and omissions were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements and omissions were inaccurate and misleading.

77. Defendant's misrepresentations and omissions were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing a Fandango FanClub membership.

78. Defendant's misrepresentations and omissions were a substantial factor in Plaintiff's purchase decision.

79. In addition, Subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Fandango Membership.

80. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the California Subclass.

81. Defendant's conduct harmed Plaintiff and the class because they (a) lost the ability to redeem expired credits, (b) were deprived of the full value of their purchase, (c) paid for Membership benefits that were misrepresented and illegal; and/or (d) overpaid for the Memberships because the Memberships are sold at a price premium due to Defendant's credits, which consumers do not know will expire.

82. Accordingly, pursuant to California Civil Code § 1780(a)(2), Plaintiff, on behalf of himself and all other members of the California Subclass, seeks injunctive relief.

83. CLRA §1782 Notice. On April 2, 2025, a CLRA demand letter was sent to Defendant's California headquarters and registered agent via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. Defendant did not correct the problem within the 30-day period. Accordingly, Plaintiff and the Subclass seek all monetary relief allowed under the CLRA.

84. A CLRA venue declaration is attached.

**Count 4**

**Violation of California's Unfair Competition Law (UCL)**

**(by Plaintiff Beer and the California Subclass)**

85. Plaintiff incorporates each and every factual allegation set forth above.

86. Plaintiff brings this cause of action on behalf of himself and the Class.

87. Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

*The Unlawful Prong*

88. Defendant engaged in unlawful conduct by violating the California Gift Card law and the CLRA, FAL, and CARD Act, as alleged above and incorporated here.

*The Unfair Prong*

89. As alleged in detail above, Defendant committed "unfair" acts by selling gift cards that expire, in violation of California's gift card law.

90. The harm to Plaintiff and the California Subclass greatly outweighs the public utility of Defendant's conduct. There is no public utility to illegal expiring gift cards. This injury was not outweighed by any countervailing benefits to consumers or competition. Illegal expiring gift cards only injure healthy competition and harm consumers.

91. Plaintiff and the California Subclass could not have reasonably avoided this injury. Defendant's representations were deceiving to reasonable consumers like Plaintiff. There were reasonably available alternatives to further Defendant's legitimate business interests, such as complying with California's gift card law.

92. Defendant violated established public policy by violating California's gift card law. The unfairness of this practice is tethered to a legislatively declared policy (that of California's gift card law).

93. Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

*The Deceptive Prong*

94. As alleged in detail above, Defendant deceived consumers by failing to adequately disclose that the credits expire, and making representations that led reasonable consumers to believe

that they do not expire.

95. Defendant's representations and deficient disclosures were misleading to Plaintiff and other reasonable consumers.

96. Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

* * *

97. For all prongs, Defendant's representations and omissions were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing a Fandango FanClub Membership. Defendant's representations were a substantial factor in Plaintiff's purchase decision.

98. In addition, class-wide reliance can be inferred because Defendant's representations and omissions were material, i.e., a reasonable consumer would consider them important in deciding whether to buy a Fandango FanClub Membership that came with a credit.

99. Defendant's representations and omissions were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class members.

100. Defendant's conduct harmed Plaintiff and the class because they (a) lost the ability to redeem expired credits, (b) were deprived of the full value of their purchase, (c) paid for Membership benefits that were misrepresented and illegal; and/or (d) overpaid for the Memberships because the Memberships are sold at a price premium due to Defendant's credits, which consumers do not know will expire.

**<u>Count 5</u>**

**Violation of Washington's Gift Certificate Law**

**(By Plaintiff Gonzalez and the Washington Subclass)**

101. Plaintiff incorporates each and every factual allegation set forth above.

102. Plaintiff brings this cause of action on behalf of herself and the Washington Subclass.

103. Fandango's sales of expiring FanClub credits violates RCW §19.240 et seq.

104. Fandango's credits are "gift certificates" within the meaning of RCW §19.240. As explained in greater detail above, Fandango FanClub credits are gift certificates within the meaning of the statute.

105. Defendant's expiring gift certificates were a substantial factor and proximate cause in causing damages and losses to Plaintiff.

106. Defendant's conduct harmed Plaintiff and the class because they (a) lost the ability to redeem expired credits, (b) were deprived of the full value of their purchase, (c) paid for Membership benefits that were misrepresented and illegal; and/or (d) overpaid for the Memberships because the Memberships are sold at a price premium due to Defendant's credits, which consumers do not know will expire.

**Count 6**

**Violation of the Washington Consumer Protection Act (CPA)**

**(by Plaintiff Gonzalez and the Washington Subclass)**

107. Plaintiff incorporates each and every factual allegation set forth above.

108. Plaintiff brings this cause of action on behalf of herself and the Washington Subclass.

109. Defendant violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

110. Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

111. As alleged in detail above, Defendant committed "deceptive" acts by leading reasonable consumers to believe that its credits don't expire, when in truth the credits do expire.

112. As alleged in detail above, Defendant also committed "unfair" acts by selling gift certificates that expire, in violation of Washington law.

113. The harm to Plaintiff and the Washington Subclass greatly outweighs the public utility of Defendant's conduct. There is no public utility to illegal expiring gift certificates. This injury was not outweighed by any countervailing benefits to consumers or competition. Illegal expiring gift certificates only injure legal competition and harm consumers. Plaintiff and the Washington Subclass could not have reasonably avoided this injury and still purchased Fandango FanClub Credits. There were reasonably available alternatives to further Defendant's legitimate business interests, such as complying with Washington's gift certificate law.

114. Plaintiff and the Washington Subclass were harmed because they paid for Fandango FanClub credits that expired. Defendant's expiring gift certificates were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Washington Subclass.

115. Defendant's conduct harmed Plaintiff and the class because they (a) lost the ability to redeem expired credits, (b) were deprived of the full value of their purchase, (c) paid for Membership benefits that were misrepresented and illegal; and/or (d) overpaid for the Memberships because the Memberships are sold at a price premium due to Defendant's credits, which consumers do not know will expire.

## <u>Count 7</u>

## Violation of the Credit Card Accountability Responsibility and Disclosure Act (CARD Act)

## (by Plaintiffs and the Nationwide Class)

116. Plaintiffs incorporate each and every factual allegation above.

117. Plaintiffs bring this cause of action on behalf of themselves and the Nationwide

Class.

118. Under the CARD Act, it is unlawful to sell or issue a gift certificate or store gift card with an expiration date that is less than five years from the date of issuance or date funds were last loaded, whichever is later. See 15 U.S.C. § 1693l–1(c).

119. The Fandango FanClub credits qualify as gift certificates and store gift cards under the CARD Act because they are (i) redeemable at a single merchant (Fandango); (ii) issued in a specified amount that may not be increased or reloaded ($10); (iii) purchased on a prepaid basis in exchange for payment; and (iv) honored upon presentation by Fandango for goods or services (i.e. Fandango movies). 15 U.S.C. §1693l-1(a).

120. The Fandango FanClub credits are not a loyalty, award, or promotional gift card. As described in greater detail above, Fandango customers pay to receive the monthly Fandango FanClub credits. Customers effectively purchase the FanClub credits through their Membership fees. Thus, they are not a promotional incentive, loyalty, or award under the CARD Act.

121. As explained in greater detail above, Defendant markets and sells the Fandango FanClub credits to the public.

122. Defendant violated 15 U.S.C. § 1693l–1 by issuing these credits with an expiration date of 30 days, in violation of the CARD Act's five-year minimum expiration period.

123. Defendant's actions were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and the class.

124. Defendant's conduct harmed Plaintiffs and the class because they (a) lost the ability to redeem expired credits, (b) were deprived of the full value of their purchase, (c) paid for Membership benefits that were misrepresented and illegal under federal law; and/or (d) overpaid for the Memberships because the Memberships are sold at a price premium due to Defendant's credits, which consumers do not know will expire.

**Count 8**

**Quasi-Contract / Unjust Enrichment**

**(by Plaintiffs and the Nationwide Class)**

125. Plaintiffs incorporate each and every factual allegation above.

126. Plaintiffs bring this cause of action on behalf of themselves and the Nationwide Class.

127. This count is alleged in the alternative, in the event that any governing express contract is void or otherwise enforceable.

128. As alleged in detail above, Defendant's false and misleading representations and omissions caused Plaintiffs and the class to purchase Fandango Memberships with illegal expiration terms.

129. In this way, Defendant received a direct and unjust benefit, at Plaintiffs' expense.

130. Plaintiffs and the Nationwide Class seek restitution.

## VII. Relief.

131. Plaintiffs seek the following relief for themselves and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiffs and the proposed class;
- All available monetary forms of recovery, including damages, restitution, and any available statutory damages;
- An injunction;
- Rescission;
- Pre- and post-judgment interest;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

## VIII. Demand for Jury Trial.

132. Plaintiffs demand the right to a jury trial on all claims so triable.

Dated: July 16, 2025

Respectfully submitted,

By: /s/ Jonas Jacobson

Jonas B. Jacobson (Cal. Bar No. 269912)*
jonas@dovel.com
Vivek Kothari (Cal. Bar No. 262842)*
vivek@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Counsel for Plaintiffs*

* Pro Hac Vice pending